SUSAN KUMLI
Acting Regional Solicitor
IAN ELIASOPH (Cal. Bar No. #227557)
Counsel for ERISA
HAILEY R. McALLISTER (Cal. Bar No. #326785)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-2702
Mcallister.hailey@dol.gov

*Attorneys for Plaintiff Milton Al Stewart,*
*Acting United States Secretary of Labor*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>           Plaintiff,<br>v.<br><br>CLAWSON CONSTRUCTION, INC, a California corporation, and CLAWSON CONSTUCTION CO., INC. 401(K) PLAN, an employee benefit plan,<br><br>           Defendants. | Case No.: 4:21-cv-02942<br><br>COMPLAINT FOR VIOLATIONS OF ERISA |

1. Plaintiff MARTIN J. WALSH, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR (the "Secretary") brings this action requesting that the Court appoint an independent fiduciary to act as a fiduciary for the Clawson Construction Co., Inc. 401(K) Plan ("Plan") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of ERISA pursuant to Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5). The current fiduciaries for the Plan are Clawson Construction, Inc. and its now deceased Chief Executive Officer, Chief Financial Officer, and President, John R. Clawson. Clawson Construction, Inc. has ceased operating. As a result, the Plan has no fiduciary to act on behalf of the Plan.

**Jurisdiction, Parties, and Venue**

2. Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The CLAWSON CONSTRUCTION CO., INC 401(k) PROFIT SHARING PLAN ("401(k) Plan" or "Plan") is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3).

4. The Plan was sponsored by CLAWSON CONSTRUCTION, INC. ("Clawson Construction"), a California corporation engaged in the business of construction contracting. Clawson Construction's principal place of business was in Danville, California.[1]

5. Clawson Construction was incorporated in the state of California on October 4, 1994.

**District Assignment**

6. Pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the Northern District of California because the Plan was administered in Contra Costa County, the breaches took place in or around Contra Costa County, California, and Defendant Clawson Construction resides within the district.

**Factual Allegations**

7. Pursuant to the Plan's governing documents, Clawson Construction is the Plan Administrator and has discretionary authority of the plan and is therefore a fiduciary of the Plan under Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

8. John R. Clawson, Chief Executive Officer, Chief Financial Officer, and President of Clawson Construction, was sole named Plan Trustee and is now deceased. Mr. Clawson died in December 2018.

9. Clawson Construction ceased operation following Mr. Clawson's death, on or about

---

[1] The Plan is named as a Defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

March 29, 2019. All employees participating in the Plan were terminated from their employment on or before the time that Clawson Construction closed.

10. Former third-party administrator Peery & Associates, Inc. terminated all services to the Plan on June 6, 2019 following the closure of Clawson Construction.

11. Charles Schwab & Co. ("Schwab") provides the investment platform for the Plan's pooled account for employee contributions. The valuation of Plan assets was $169,352.20 as of August 31, 2020.

12. American Funds Service Company ("American Funds") provides the investment platform for the Plan's individual accounts for employee contributions. The valuation of Plan assets was $828,883.80 as of June 30, 2020. American Funds cannot accept direction from anyone but Mr. Clawson as the sole trustee listed for the account.

13. Section 7.01(e) of the Basic Plan Document that governs the Plan authorizes Participants to "receive [their] vested Account . . . following the date [they] have a Termination of Employment." Section F of the Plan's Adoption Agreement further provides in relevant part that "[d]istributions after Termination of Employment for reasons other than death shall commence . . . [a]s soon as administratively feasible . . . ." Accordingly, on or before March 2019, all participants were entitled to a distribution from their Plan accounts.

14. Clawson Construction had the duty to determine and pay benefits under the Plan. Under Section 12.01(b) of the Plan Document, Clawson Construction shall have the complete authority "to determine the amount, form or timing of benefits payable…and the recipient thereof and to resolve any claim for benefits…" in accordance with Article 12 of the Plan Document.

15. Since March 2019, Plan participants have requested distributions from the Plan and been unable to obtain them.

16. In May 2019, the Employee Benefits Security Administration ("EBSA") learned that a Plan participant was unable to access distributions.

17. Under Section 10.08 of the Plan Document, Clawson Construction has the authority

to appoint a successor trustee but has failed to replace the Trustee or take any other action to ensure that the Plan participants are able to access their retirement savings.

18. As of the date of this Complaint, the Plan's assets remain in the Plan's account for its participants who cannot access their funds.

19. The Secretary seeks relief from the Court to appoint an independent fiduciary to promptly terminate the Plan and appropriately distribute the participants' savings.

## Violations of ERISA

20. Because of the facts and circumstances set forth in Paragraphs 7-17 above, Defendant Clawson Construction, Inc. has failed to discharge its fiduciary duties with respect to the Plan in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by:

   a. Failing to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries when it failed to ensure participants receive distributions that they are due and owing under the plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   b. Failing to act with the required care, skill prudence, and diligence under the circumstances when it failed to appoint a successor trustee in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

   c. Failing to act in accordance with the documents and instruments governing the Plan in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

21. For the reasons set forth in Paragraphs 1-18 above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including appoint an independent fiduciary to act as a fiduciary for the Plan, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**WHEREFORE**, pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

   a. Remove Clawson Construction, Inc. from its position as the Plan Administrator;

b.  Appoint an independent or successor fiduciary with discretionary authority to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries; and

c.  Provide such other relief as may be just and equitable.

Dated: April 22, 2021

ELENA S. GOLDSTEIN
Deputy Solicitor of Labor

SUSAN KUMLI
Acting Regional Solicitor

IAN H. ELIASOPH
Counsel for ERISA

*[signature]*

HAILEY R. McALLISTER
Trial Attorney

Attorneys for the Plaintiff