UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br><br>         Plaintiff,<br><br>   v.<br><br>CLAWSON CONSTRUCTION, INC., et al.,<br><br>         Defendants. | Case No. 21-cv-02942-HSG   (TSH)<br><br>**REPORT & RECOMMENDATION RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 26 |

## I.     INTRODUCTION

Plaintiff Martin J. Walsh, Secretary of the United States Department of Labor, brings this action requesting the Court appoint an independent fiduciary to act as a fiduciary for the Clawson Construction Co., Inc. 401(K) Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of ERISA pursuant to Section 502(a)(2) and (5), 29 U.S.C. §1132(a)(2) and (5).  Presently before the Court is the Secretary's Motion for Default Judgment.  ECF No 26.  Defendants have not opposed the motion and have otherwise made no appearance in this matter.  The motion was referred to the undersigned magistrate judge for a report and recommendation.  ECF No. 27.  The undersigned finds this matter suitable for disposition without oral argument and **VACATES** the November 4, 2021 hearing.  Civ. L.R. 7-1(b).  Having reviewed the motion and controlling authorities, the undersigned **RECOMMENDS** the District Court **GRANT** the Secretary's motion for the following reasons.

## II.     BACKGROUND

The Clawson Construction Co., Inc. 401(K) Profit Sharing Plan is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3).  Compl. ¶ 3, ECF No. 1.  The

Plan was sponsored by Clawson Construction, Inc., a California corporation engaged in the business of construction contracting. *Id.* ¶ 4. Clawson Construction's principal place of business was in Danville, California, and it was incorporated in the state of California on October 4, 1994. *Id.* ¶¶ 4-5.

Pursuant to the Plan's governing documents, Clawson Construction is the Plan Administrator and has discretionary authority of the Plan and is therefore a fiduciary of the Plan under Section 3(21) of ERISA, 29 U.S.C. § 1002(21). *Id.* ¶ 7. John R. Clawson, Chief Executive Officer, Chief Financial Officer, and President of Clawson Construction, was the sole named Plan Trustee. *Id.* ¶ 8. Mr. Clawson died in December 2018. *Id.*

Clawson Construction ceased operation following Mr. Clawson's death on or about March 29, 2019. *Id.* ¶ 9. All employees participating in the Plan were terminated from their employment on or before the time that Clawson Construction closed. *Id.* Former third-party administrator Peery & Associates, Inc. terminated all services to the Plan on June 6, 2019. *Id.* ¶ 10.

Charles Schwab & Co. provides the investment platform for the Plan's pooled account for employee contributions. *Id.* ¶ 11. The valuation of Plan assets was $169,352.20 as of August 31, 2020. *Id.* American Funds Service Company provides the investment platform for the Plan's individual accounts for employee contributions. *Id.* ¶ 12. The valuation of Plan assets was $828,883.80 as of June 30, 2020. *Id.* Schwab and American Funds need direction from the Plan trustee to act, and Mr. Clawson is the only trustee identified. *Id.* ¶¶ 8, 11-12, 18. The Plan has sixteen participants and $998,236 in assets. Hesik Decl. ¶ 9, ECF No. 26-1.

Section 7.01(e) of the Basic Plan Document that governs the Plan authorizes participants to "receive [their] vested Account . . . following the date [they] have a Termination of Employment." Section F of the Plan's Adoption Agreement further provides in relevant part that "[d]istributions after Termination of Employment for reasons other than death shall commence . . . [a]s soon as administratively feasible . . . ." Compl. ¶ 13. Accordingly, on or before March 2019, all participants were entitled to a distribution from their Plan accounts. *Id.*

Clawson Construction had the duty to determine and pay benefits under the Plan. *Id.* ¶ 14. Under Section 12.01(b) of the Plan Document, Clawson Construction shall have the complete

authority "to determine the amount, form or timing of benefits payable…and the recipient thereof and to resolve any claim for benefits" in accordance with Article 12 of the Plan Document. *Id.*

Since March 2019, Plan participants have requested distributions from the Plan and been unable to obtain them. *Id.* ¶ 15. In May 2019, the Employee Benefits Security Administration learned that a Plan participant was unable to access distributions. *Id.* ¶ 16. Under Section 10.08 of the Plan Document, Clawson Construction has the authority to appoint a successor trustee but has failed to replace the Trustee or take any other action to ensure that the Plan participants are able to access their retirement savings. *Id.* ¶ 17.

The Secretary filed the present complaint on April 22, 2021, requesting the Court appoint an independent fiduciary to terminate the Plan and distribute the participants' savings. The Secretary alleges Clawson Construction has failed to discharge its fiduciary duties with respect to the Plan in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by:

    a.    Failing to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries when it failed to ensure participants receive distributions that they are due and owing under the plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b.    Failing to act with the required care, skill prudence, and diligence under the circumstances when it failed to appoint a successor trustee in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

    c.    Failing to act in accordance with the documents and instruments governing the Plan in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

Compl. ¶ 20.

On July 13, 2021, the Secretary caused the complaint to be served upon Defendants by delivering the Summons and Complaint to an officer of Clawson Construction, Inc., Carole Susan Clawson, as provided by Federal Rule of Civil Procedure 4(h). ECF No. 11. Defendants have failed to plead or otherwise defend against the Secretary's complaint. On August 19, 2021, the Clerk of Court entered default against Defendants. ECF No. 23.

United States District Court
Northern District of California

The Secretary filed the present motion on September 30, 2021, requesting the Court remove Clawson Construction as Administrator of the Plan, remove John Clawson as the named trustee, and appoint an independent fiduciary to terminate the Plan and distribute the participants' savings.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

At the default judgment stage, the factual allegations of the complaint, except those concerning damages, "together with other competent evidence submitted" are deemed admitted by the non-responding parties. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and quotation omitted)). Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV*, 503 F.3d at 854. Further, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (considering subject matter jurisdiction on a 12(b)(1) motion).

#### 1.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, the Court has subject matter jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132.

#### 2.   Personal Jurisdiction and Service of Process

To enter default judgment, the Court must have a basis for the exercise of personal jurisdiction over the defendants in default. *In re Tuli*, 172 F.3d at 712. Here, the Court can exercise personal jurisdiction over Defendants pursuant to ERISA section 502(e)(2), which provides that an action may brought against a defendant ". . . in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "[S]ervice on a defendant in an ERISA case anywhere in the United States is sufficient to establish personal jurisdiction, and there is no need to engage in the 'minimum contacts' analysis." *Schuett v. FedEx Corp. Retirement Appeals Comm.*, 2015 WL 4484153, at *5 (N.D. Cal. July 22, 2015) (citing *Cripps*, 980 F.2d at 1267).

5

1    The Court must also assess whether the defendant against whom default judgment is
2    sought was properly served with notice of the action.  *See Solis v. Cardiografix*, 2012 WL
3    3638548, at *2 (N.D. Cal. Aug. 22, 2012).  The Secretary served the summons and complaint on
4    Defendants by Carole Susan Clawson.  ECF No. 11.  According to Clawson Construction's most
5    recent filings with the Secretary of State of California, accessible on the California Secretary of
6    State's website, Carole Susan Clawson is an officer of the corporation.  ECF No. 29, Ex. A.  This
7    constitutes proper service.  *See* Fed. R. Civ. P. 4(e)(1) (providing for service "pursuant to the law
8    of the state in which the district court is located"); Cal. Civ. Proc. Code § 416.10(a), (b) (a
9    summons and complaint may be served on a corporation by delivering a copy of the documents to
10   the "person designated as "agent for the service of process" or "president or other head of the
11   corporation").

**B.    *Eitel* Factors**

Applying the seven *Eitel* factors, the undersigned finds default judgment is warranted in favor of Plaintiff.

**1.    The Possibility of Prejudice**

The first factor the Court considers is the possibility of prejudice if a default judgment is not entered.  *Eitel*, 782 F.2d at 1471-72.  This factor weighs in favor of default judgment "when a defendant has failed to appear or defend against a suit, and the plaintiffs could not otherwise seek relief."  *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citations omitted); *IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010) (prejudice exists where denying the requested default judgment would leave the plaintiff without a proper remedy).

Here, prejudice will flow from the denial of default judgment because absent relief, the Secretary would be without recourse to enjoin the challenged conduct and enforce compliance with ERISA.  *See, e.g., Perez v. Bar-K, Inc.*, 2015 WL 4454785, at *5 (N.D. Cal. June 4, 2015), *report and recommendation adopted*, 2015 WL 4480359 (N.D. Cal. July 20, 2015) (finding prejudice to the Secretary of Labor if default judgment were not entered on breach of fiduciary duties ERISA claims); *Solis v. Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *3 (E.D. Cal. Apr.

27, 2012) (same). Plan participants and beneficiaries also would be prejudiced if default judgment were not entered as they would continue to be unable to recoup lost Plan assets. *See, e.g., Cardiografix*, 2012 WL 3638548, at *3 ("[F]ailure to enter default judgment in favor of Plaintiff would result in prejudice to the plan participants, who have been denied the proper operation of their employee benefit plan."); *Chao v. Zoltrix, Inc.*, 2007 WL 2990429, at *3 (N.D. Cal. Oct. 11, 2007) (finding prejudice to the participants and beneficiaries of the plan if the Secretary of Labor was not granted default judgment); *Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *3 (finding prejudice to plan participants if the Secretary of Labor was not granted default judgment). Thus, this favor weighs in favor of default judgment.

### 2. Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of the substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. "These two factors are often analyzed together and require courts to consider whether a plaintiff has 'state[d] a claim on which [it] may recover.'" *Vietnam Reform Party*, 416 F. Supp. 3d at 962 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). "Of all the *Eitel* factors, courts often consider the second and third factors to be 'the most important.'" *Id.* (quoting *Sanrio, Inc. v. Jay Yoon*, 2012 WL 610451, at *4 (N.D. Cal. Feb. 24, 2012)).

The Secretary's complaint alleges that Clawson Construction, as Plan Administrator, is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A). Compl. ¶ 7. The complaint alleges several violations of ERISA based on Clawson Construction's failure to replace Mr. Clawson as Plan trustee, leading to participants' and beneficiaries' inability to access Plan assets. *Id.* ¶¶ 15-18. Courts routinely hold that such facts alleging fiduciaries who abandon plans covered by ERISA are sufficient to warrant entry of default judgment and appointment of an independent fiduciary. *See, e.g., Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *3 (E.D. Cal. Apr. 27, 2012) (finding second and third *Eitel* factors satisfied where the Secretary alleged the sponsoring employer and administrator "abandoned its responsibilities as fiduciary to the Plan and failed to take the necessary steps to terminate the Plan and distribute the assets, or appoint a new fiduciary"); *Bar-K, Inc.*, 2015 WL 4454785, at *6 (holding the same in part because of the

sponsoring employer's failure to appoint a replacement trustee).

Pursuant to ERISA Section 502(a)(5), 29 U.S.C. § 1132(a)(5), Plaintiff has standing as Secretary of the U.S. Department of Labor to bring a civil action to enjoin any practice that violates any provision of Title I of ERISA, and to obtain other appropriate equitable relief to redress such violation or enforce any provision of Title I of ERISA. Appropriate equitable relief includes the appointment of an independent fiduciary to carry out the proper administration and management of a benefit plan. *Donovan v. Mazzola*, 716 F.2d 1226, 1237-39 (9th Cir.1983); *Bar-K, Inc.*, 2015 WL 4454785, at *7.

### 3. The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Dr. JKL Ltd., v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1050 (N.D. Cal. 2010) (citation and quotation marks omitted). When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

Because the Secretary seeks only injunctive relief, the only sum of money involved, other than the assets of the Plan itself, is the fee the appointed independent fiduciary may charge for its services. The Secretary requests the Court authorize up to $4,750 for fees and expenses reasonably incurred in administering and terminating the Plan. ECF No. 26-2. This amount is within the range generally awarded for operation of an independent fiduciary. *See, e.g., Bar-K, Inc.*, 2015 WL 4454785, at *7 (awarding $13,000 in fees); *Solis v. Vigilance, Inc.*, 2009 WL 2031767, at *3 (N.D. Cal. July 9, 2009) (awarding $3,500 in fees). Further, as the Secretary seeks to have any fee paid from Plan assets, Defendants are not facing a financial loss, which weighs in favor of entry of default judgment. *See, e.g., Bar-K, Inc.*, 2015 WL 4454785, at *7 (where independent fiduciary paid from assets of the plan and not the defendant company itself, factor

8

four favors granting default judgment); *Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *4 (where plaintiff did not seek monetary damages but only injunctive relief, finding the request for $1,500 in Plan assets—not company money—to fund the independent fiduciary a reasonable amount of money at stake that weighed in favor of granting default judgment). Accordingly, this factor favors granting default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. However, upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV*, 503 F.3d at 851 (citing Fed. R. Civ. P. 55(a)). Moreover, as outlined above, the Secretary has provided the Court with well-pleaded allegations supporting his claims. Accordingly, this factor weighs in favor of default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, the Secretary provided adequate notice of this action, *see* ECF No. 11, yet Defendants made no appearance and failed to respond to the present motion. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (simplified). Further, there is nothing in the record suggesting this failure is based on excusable neglect. *See Shanghai Automation*, 194 F. Supp. 2d at 1005 (default after proper service was not excusable neglect). Thus, this factor supports default judgment.

### 6. Policy Favoring Deciding a Case on its Merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. In *Eitel*, the Ninth Circuit admonished that "[c]ases should be decided on their merits whenever reasonably possible." *Id.* "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, 2015 WL

9

4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Further, "deciding the case on the merits is impossible where a party refuses to participate." *Vietnam Reform Party*, 416 F. Supp. 3d at 970. Thus, because Defendants made no effort to respond to communication attempts by the Secretary and in no way participated in the proceedings, "[t]his factor thus weighs against, but does not preclude, entry of default judgment." *Id.*

### 7. Summary of the *Eitel* Factors

In sum, the majority of the *Eitel* factors weigh in favor of granting default judgment. Accordingly, the undersigned **RECOMMENDS** the District Court **GRANT** the Secretary's motion and enter default judgment.

### C. Terms of the Judgment to be Entered

The Court next turns to the relief the Secretary seeks. Once liability is established, the plaintiff must then establish that the requested relief is appropriate. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In his motion, the Secretary requests injunctive relief against Defendants, including removal of Clawson Construction as Administrator of the Plan, removal of John Clawson as the named trustee, and appointment of an independent fiduciary to terminate the Plan and distribute the participants' savings. The relief sought was requested in the complaint. Further, the Secretary supports his position with a declaration from Heather Hesik, Supervisory Investigator, Employee Benefits Security Administration, who declares the Administration investigated Clawson Construction and concluded it (1) no longer exists as a company and (2) abandoned the Plan by failing to name a replacement for Mr. Clawson. Hesik Decl. ¶¶ 4-10. Moreover, the Court finds the injunctive relief proposed by the Secretary is appropriate pursuant to 29 U.S.C. § 1132(a)(5) and 29 U.S.C. § 1109(a),[1] and because Defendants' essential abandonment of the Plan has caused

---

[1] 29 U.S.C. § 1109(a) provides, in pertinent part, that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter . . . shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

and will continue to cause irreparable harm. *See Bar-K, Inc.*, 2015 WL 4454785, at *8 (injunctive relief appropriate where defendant essential abandoned plan); *Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *5 (same).

Lastly, the Secretary requests the Court appoint AMI Benefit Plan Administrator Inc. as the Independent Fiduciary of the Plan. Mot. at 7. Supervisory Investigator Hesik states that the Administration consulted with several prospective independent fiduciaries regarding the process of terminating the Plan and attendant costs, and received fee proposals from these prospective fiduciaries. Hesik Decl. ¶ 11. Based on the bids received, the Administration determined that AMI can perform the services at a reasonable fee. *Id.* ¶ 12. The undersigned credits Ms. Hesik's conclusion that AMI's proposal is reasonable such that it should be the chosen independent fiduciary. *See Bar-K, Inc.*, 2015 WL 4454785, at *9 (accepting the Secretary's proposed independent fiduciary based on recommendation from Employee Benefits Security Administration); *Innovative Steel Sys., Inc.*, 2012 WL 1552791, at *5 (same).

Therefore, the undersigned finds the Secretary is entitled to the proposed injunctive relief.

## V. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that:

1. The Secretary's motion for default judgment (ECF No. 26) be granted.

2. John R. Clawson be removed as Trustee and Clawson Construction, Inc. be removed as Administrator of the Clawson Construction Co., Inc. 401(k) Plan.

3. Defendants be permanently enjoined from violating the provisions of ERISA.

4. AMI Benefit Administrators be appointed as independent fiduciary with discretionary authority over the administration and management of the Plan, with all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA to perform the following duties:

(a) The independent fiduciary shall be responsible for marshaling, calculating the account balances, allocating, paying out, distributing, and administering Plan assets for all the assets in the Plan, and taking further action with respect to the Plan as appropriate, and terminating the Plan when all of its assets are distributed to all of the Eligible Plan

Participants;

(b) The independent fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2014-01, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

(c) The independent fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the Defendants, their attorneys, their accountants, and other agents, as well as service providers of the Plan;

(d) The independent fiduciary shall comply with all applicable rules and laws;

(e) The independent fiduciary has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing annual and/or final Form 5500;

(f) For services performed pursuant to this judgment, the independent fiduciary shall receive compensation not to exceed $4,570 for fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan; and

(g) The independent fiduciary's fee shall be paid from the assets of the Plan.

The Secretary shall serve a copy of this Report and Recommendation upon Defendants and file proof of service thereafter. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO RECOMMENDED.**

Dated: October 29, 2021

THOMAS S. HIXSON
United States Magistrate Judge